IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAJUAN ANTHONY HARRIS | ) |
| Movant, | ) |
| v. | ) Case No. 11-4267-CV-C-NKL |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Dajuan Anthony Harris's *pro se* motion to vacate, set aside or correct his sentence [Doc. # 1], pursuant to 28 U.S.C. § 2255. Upon consideration of Harris's motion, the government's response [Doc. # 9], and Harris's reply [Doc. # 11], the Court denies the motion for the reasons outlined below.

**I.      Procedural History**

Based upon a written plea agreement that contained an appeal waiver, Harris pled guilty to using a telephone to facilitate the commission of a drug-trafficking conspiracy, in violation of 21 U.S.C.§ 843(b), and being a felon in possession of a

1

firearm, in violation of 18 U.S.C. § 922(g)(1). The district court adopted the presentence investigation report (PSR), sentencing Harris to concurrent prison terms of 48 and 110 months, and concurrent supervised release terms of one and three years. Harris appealed, asserting that the district court miscalculated the drug quantity and imposed an unreasonable sentence. He also argued, in a pro se supplemental brief, that his attorney was ineffective. The Court of Appeals dismissed the appeal, finding that the alleged sentencing errors were barred by the appeal waiver. *United States v. Harris*, 406 F. App'x 86 (8th Cir. 2011). The court declined to consider Harris' *pro se* claims of ineffectiveness.

On February 28, 2011, Harris filed a motion for a sentence reduction under 18 U.S.C. § 3582, which was denied by the Court on May 12, 2011. On September 29, 2011, Harris filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, alleging an illegal sentence and ineffective assistance of counsel. Harris claims that his defense counsel was ineffective for (1) failing to object to his allegedly unconstitutional sentence; (2) failing to challenge the district court's alleged miscalculation of the drug quantity; and (3) failing to argue that his sentence was unreasonable.

**II.    Discussion**

    **1.    Illegal Sentence**

Harris argues in his motion that his sentence was illegal based on his view that the Court lacks jurisdiction over the felon-in-possession offense outlined in 18 U.S.C. § 922(g)(1). Specifically, Harris asserts that the Court lacks jurisdiction because 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of legislative power under the Commerce Clause.

This type of post-conviction challenge is barred by the appellate waiver within Harris's plea agreement. However, even if Harris's jurisdictional and constitutional challenges were able to be construed as an ineffective assistance of counsel claim, which would be allowed as an exception to the appellate waiver, they still must fail for at least two reasons.

First, the Court had clear jurisdiction to hear this case under 18 U.S.C. § 3231, which provides subject-matter jurisdiction to federal courts for every federal criminal prosecution. *See United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (labeling 18 U.S.C. § 3231 as "the beginning and the end of the jurisdictional inquiry").

Second, Harris's constitutional arguments are not supported by existing law. Harris argues that various Commerce Clause rulings by the U.S. Supreme Court over the past sixteen years, including *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), require Section 922(g)(1) to be struck down as unconstitutional. However, the Eighth Circuit has rejected these arguments, repeatedly upholding the constitutionality of 18 U.S.C. § 922(g)(1) under the Commerce Clause. *See United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001); *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002); *United States v. Schmidt*, 571 F.3d 743, 746 (8th Cir. 2009). Specifically, the court has found that unlike the statutes at issue in *Lopez* or *Morrison*, Section 922(g)(1) contains an express jurisdictional element requiring that the government establish in each prosecution that a sufficient nexus exists between the charged offense and interstate or foreign commerce. *See Stuckey*, 255

3

F.3d at 530. The Eighth Circuit has also not accepted Harris's argument that a sufficient nexus only exists if the guns and ammunition at issue are currently used in interstate commerce or in an activity affecting interstate commerce. Instead, in the words of the court, the requirement that "a gun must have been in interstate commerce at some point is sufficient to show a proper nexus under the Commerce Clause." *Shepherd*, 284 F.3d at 969.

Given that existing law does not support Harris's arguments, for the reasons outlined above, his attorney committed no legal error in failing to raise a jurisdictional or constitutional challenge, and thus Harris has no claim for ineffective assistance of counsel.

### 2. Miscalculation of Drug Quantity

Harris also argues that his attorney was ineffective for failing to challenge the Court's application of the Sentencing Guidelines as to his drug quantity. This is essentially an allegation that the Court miscalculated the drug quantity, a challenge which is barred by Harris's appellate waiver. However, the claim would still fail even if allowed to be brought as an ineffective assistance of counsel claim. To establish ineffective assistance of counsel, Harris must show that his attorney's performance was objectively deficient and that there is a reasonable probability that the outcome would have been different but for the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984).

Here, Harris has not provided evidence that his attorney committed any error, let alone an error severe enough to meet the *Strickland* standard. Harris entered into a written plea agreement which listed the applicable Guidelines, the base offense levels asserted by the Government, and the possibility of certain increases in sentencing under the Guidelines. At

4

his change-of-plea hearing in July of 2009, Harris admitted that his attorney had discussed with him the mandatory maximum sentences possible under his plea, as well as various Guidelines sentences which could be imposed by the Court after considering any special characteristics. When the Court found a base offense level of 34 based upon the relevant conduct in the case, Harris's counsel took the necessary steps to advocate for a reduced base level. He first filed objections to the presentence investigation report, specifically arguing that Harris's relevant conduct did not warrant a base offense level of 34. Harris's counsel also filed a sentencing memorandum on April 7, 2010, disputing the report's finding concerning the drug quantity. At sentencing, Harris's counsel cross-examined an FBI witness about relevant conduct in order to determine the appropriate drug quantity. He then argued that Harris's relevant conduct should be limited for sentencing purposes to a base offense level of 12. The Court then issued its sentencing after explaining its findings as to relevant conduct, base offense level adjustments and imposition of sentence. As Harris has made no showing of any deficiency in his counsel's performance, his ineffective assistance of counsel claim must fail.

### 3. Sentencing Abuse of Discretion

Harris also argues that his counsel was ineffective for failing to argue that the Court abused its discretion in imposing his sentence on the felon in possession count, Count 36. While again, a challenge to an unreasonable sentence is barred by Harris's appellate waiver, if construed as an ineffective assistance of counsel claim, the challenge still must fail. Harris argues that the felon-in-possession count is the most serious and that his conviction on this

count has a base offense level of 14 and an adjusted offense level of 20, making the high end of his Guidelines range 63 months for this count.  However, the presentence investigation report makes clear that the other count, Count 27, is the more serious offense for the purpose of Guidelines calculations.  Consequently, Harris's counsel could not have reasonably argued Harris's current position and thus any ineffective assistance of counsel claim must be denied.

### 4. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth above, Harris has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court does not issue a certificate of appealability here.

## III. Conclusion

Accordingly, it is hereby ORDERED that Harris's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: March 20, 2012
Jefferson City, Missouri